**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**J. L. PATTERSON, Jr.,**
**Defendant-Appellant.**

**No. 75–3143.**

United States Court of Appeals,
Fifth Circuit.

July 6, 1976.

Joe Doucette, Houston, Tex., Gerald M. Birnberg, Bellaire, Tex., for defendant-appellant.

John Clark, U. S. Atty., Wayne F. Speck, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion March 18, 1976, 5 Cir., 1976, 528 F.2d 1037).

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

**PER CURIAM:**

Appellant's petition for rehearing contends that the decision in the instant case is in conflict with our opinion in *United States v. Clegg*, 5 Cir., 1975, 509 F.2d 605,—that *Clegg* stands for the proposition that a *scheme or artifice to defraud* a telephone company, within the meaning of § 1343, can be executed *only* if a call for which toll charges are imposed is actually completed.

In *Clegg* a telephone supervisor received information that Clegg might be using a "blue box" to circumvent the toll call billing system of the phone company. The supervisor attached a device capable of detecting blue box calls to Clegg's phone lines. The device monitored Clegg's phones for approximately four months and detected numerous illegal long distance calls emanating from the phones. The supervisor then attached a recorder to Clegg's phones to verify that the calls were being completed and to identify the illegal caller. The *Clegg* opinion primarily discussed the contention that evidence had been obtained in violation of the Fourth Amendment, but in passing it dropped the following footnote, on which Patterson now relies:

"Verification that the calls were completed was necessary in order to make a case against Clegg. This is so because a telephone company does not bill for dialing. It only charges for completed calls. Thus, in order to prove that it has been fraudulently deprived of monies due it, a telephone company must necessarily be able to show both that its billing procedures were bypassed and that completed calls were made. The identity of the person placing the illegal call is of course, also essential." 509 F.2d at 608, n. 2.

The actual context of the instant case is quite different from that of *Clegg*.

Here, Patterson was a manufacturer and seller of "blue boxes". In a meeting at the apartment of an informer, Patterson explained to an undercover telephone company employee that thousands of dollars could be saved by illegally using the "blue box". He explained that use of the "blue box" was illegal, even citing the pertinent stat-ute, and cautioned that the device should be carefully used lest someone discover it. He then demonstrated the "blue box" to the undercover agent by making several overseas calls to information operators.

The Wire Fraud Statute provides in relevant part:

"Whoever, having devised or intending to devise any scheme or artifice to defraud . . . transmits or causes to be transmitted by means of wire . . communication in interstate or foreign commerce, any . . . signals . . or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both." 18 U.S.C., § 1343.

■ All that is needed for a violation of this statute are (1) a scheme to defraud and (2) at least one jurisdictional telephone call made in furtherance of that scheme, *see Huff v. United States*, 5 Cir., 1962, 301 F.2d 760, 765, *cert. denied*, 371 U.S. 922, 83 S.Ct. 289, 9 L.Ed.2d 230.

■ The scheme to defraud devised by Patterson was the promotion and sale of "blue boxes" to customers for the purpose of making fraudulent phone calls. The demonstration calls were made in furtherance of that scheme and therefore were "for the purpose of executing such scheme" within the meaning of the wire fraud act. As we have previously stated:

"The Wire Fraud Statute does not require that the scheme be successful, or even that the victim be deceived. It need only be shown that there was a scheme and that interstate wires were 'used as a step in the execution of the scheme'." *United States v. Jackson*, 5 Cir., 1971, 451 F.2d 281, 282, *cert. denied*, 405 U.S. 928, 92 S.Ct. 978, 30 L.Ed. 801, (citing *Huff v. United States*, 5 Cir., 1962, 301 F.2d 760, 765, *cert. denied*, 371 U.S. 922, 83 S.Ct. 289, 9 L.Ed.2d 230).

Consequently, we perceive no conflict between our opinion of March 13, 1976, 528 F.2d 1037, and *Clegg, supra*.

The petition for rehearing is DENIED. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 F.R.A.P.; Local Fifth Circuit Rule 12) the petition for rehearing en banc is also DENIED.